Coronado v Veolia N. Am. Inc. (2020 NY Slip Op 06706)





Coronado v Veolia N. Am. Inc.


2020 NY Slip Op 06706


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Shulman, JJ. 


Index No. 450319/19 Appeal No. 12414 Case No. 2020-02094 

[*1]Heidi Alberto Coronado, Plaintiff-Appellant,
v
Veolia North America Inc. & Subsidiaries et al., Defendants-Respondents. New York City Transit Authority et al., Defendants.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Fixler & LaGattuta, LLP, New York (Jason L. Fixler of counsel), for respondents.



Order, Supreme Court, New York County (Lisa Ann Sokoloff, J.), entered October 15, 2019, which denied plaintiff's motion for summary judgment on the issue of liability as against defendants Veolia North America Inc. & Subsidiaries and Harold Eddins, with leave to renew upon completion of the parties' depositions, unanimously affirmed, without costs.
Plaintiff seeks damages for personal injuries she sustained when defendants' motor vehicle struck the driver side of the Access-A-Ride van that she and her four-year-old daughter were entering on the passenger side, allegedly causing her to fall and glass to shatter around her daughter. On her motion for summary judgment, plaintiff submitted a document titled "Veolia ES Technical Services LLC Accident Report" that states, "I made a left turn signal from York Ave. onto W. 70th St. [sic] to stop at Weill Cornell. Street was congested. The . . . van was parked 5' off the curb loading a customer. I move[d] right around the van to park in front of the loading dock and the passenger side side box contacted the van's driver side mirror and front quarter."
The accident report is inadmissible and therefore fails to establish prima facie that plaintiff's injuries were caused by defendants' negligence. The report contains no signature and does not identify its author, and there is no evidence as to the source of the information in the report, whether the author was under a business duty to make it, or whether some other hearsay exception would render the statement admissible (see Holliday v Hudson Armored Car & Courier Serv., 301 AD2d 392, 396 [1st Dept 2003], lv dismissed in part, denied in part 100 NY2d 636 [2003]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020